# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

CYNTHIA THOMPSON,

        Plaintiff,

v.

JOHN NANCE, et al.,

        Defendants.

No. CIV 12-429-RAW-SPS

## OPINION AND ORDER

This action is before the court on the defendants' motion to dismiss. The court has before it for consideration plaintiff's third amended complaint (Docket No. 33), the defendants' motion (Docket No. 33), and plaintiff's response (Docket No. 34).

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Kate Barnard Community Corrections Center in Oklahoma City, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking monetary and injunctive relief for alleged constitutional violations during her incarceration at Eddie Warrior Correctional Center (EWCC) in Taft, Oklahoma. The defendants are John Nance, plaintiff's parole officer; Greg Breslin, EWCC Unit Manager; Ms. Graham, EWCC Kitchen Supervisor; and the EWCC Law Library Supervisor.[1, 2]

Plaintiff alleges in Count I of her third amended complaint that she was denied access to the law library and not allowed to research or make copies. In addition, her legal mail was received late or not at all.

---

[1] To the extent the defendants are sued in their official capacities as DOC officials, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

[2] The EWCC Law Library Supervisor has not been served.

In Count II plaintiff claims Defendant John Nance, her parole officer, let someone into her home, and Nance probably entered the home, too. She alleges whoever was in her home took her purse, debit Visa, cash, and phone check, along with other items. Because plaintiff did not have her purse, she could not purchase food from the canteen, forcing her to eat food to which she was allergic. She wrote Defendant Nance, but none of her possessions were returned. She asserts he should not be her parole officer.

Plaintiff alleges in Count III that Defendant Case Manager Greg Breslin "was very rude and obnoxious." He allegedly told her she would be at EWCC forever.

The defendants have filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), alleging plaintiff has failed to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint must set forth factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff need not detail factual allegations in the complaint, but must provide the grounds of entitlement to relief, which entails more than labels and conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. When considering a motion to dismiss, courts look to the complaint and those documents attached to or referred to in the complaint, accept as true all allegations contained in the complaint, and draw all reasonable inferences from the pleading in favor of the pleader. *Pace v. Swerdlow*, 519 F.3d 1067, 1073 (10th Cir. 2008); *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). A court, however, is not bound to accept as true a plaintiff's legal assertions. *Iqbal*, 556 U.S. at 678.

Although the court is required to exercise a liberal interpretation of plaintiff's pleadings, *Haines v. Kerner*, 404 U.S. 519 (1972), the court need not assume the role of advocate for plaintiff, and she must present more than conclusory allegations to survive a motion to dismiss for failure to state a claim. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Id.* (citing cases). "[A] pro se plaintiff

requires no special legal training to recount the facts surrounding [her] alleged injury, and [she] must provide such facts if the court is to determine whether [she] makes out a claim on which relief can be granted." *Id.* With these standards in mind, the court turns to the merits of the defendants' motion.

**Access to the Courts**

Plaintiff alleges that while incarcerated at EWCC, she was denied access to the law library and not allowed to research or make copies. She also claims her legal mail at EWCC was received late or not at all.

It is undisputed that access to the courts and the means to effectuate such access are fundamental constitutional rights. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). To have standing to raise a claim of denial of access to the courts, a prisoner must demonstrate actual injury. *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). "To do so, [she] must show that any denial or delay of access to the court prejudiced [her] in pursuing litigation." *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996).

Plaintiff's vague and conclusory allegations fail to show who restricted her right of access to the courts or any actual injury. She alleges in her response to the motion to dismiss that she gained access to the courts after Ms. Curl began working at the law library. A previous, unnamed law library supervisor was the individual who allegedly denied plaintiff's rights. The court finds that plaintiff has failed to state a claim for denial of access to the courts.

**Claims Against Defendant Nance**

Plaintiff asserts John Nance, her parole officer, allowed an unnamed individual into her home, and Nance also may have entered her residence. "They" allegedly took her purse, debit card, cash, phone check, along with other items, and Nance did not respond to her correspondence.

Plaintiff is required to provide "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. In addition, any claims plaintiff asserts against

3

Defendant Nance for the actions of another must fail. *Robbins v. Oklahoma*, 519 F.3d 1242, 1251 (10th Cir. 2008).

Furthermore, to state a due process claim under § 1983, plaintiff is "required to plead the inadequacy or unavailability of a post-deprivation remedy." *Durre v. Dempsey*, 869 F.2d 543 547-48 (10th Cir. 1989). Oklahoma law recognizes a post-deprivation remedy in the tort of conversion. *See White v. Webber-Workman Co.*, 591 P.2d 348, 350 (Okla. Ct. App. 1979). Because an adequate post-remedy exists, this court should not hear plaintiff's claim that her purse was taken from her home. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding that neither intentional deprivations of property or negligent deprivations constitute Fourteenth Amendment violations, if adequate post-deprivation remedies are available).

**Claims Against Greg Breslin**

Plaintiff alleges Defendant Greg Breslin, a case manager at EWCC, was "very rude and obnoxious" and told plaintiff she would be in that facility forever. Verbal harassment or threats, however, do not state a claim for a constitutional violation. *Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992). This claim fails.

**Claims Against Ms. Graham**

Although plaintiff names EWCC Kitchen Supervisor Ms. Graham as a defendant, there are no allegations that Graham personally participated in a constitutional violation. "Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted). *See also Mee v. Ortega*, 967 F.2d 423, 430 (10th Cir. 1992). Without making "clear exactly *who* is alleged to have done *what* to *whom*," plaintiff has failed to state a claim upon which relief may be granted. *See Robbins*, 519 F.3d at 1250 (emphasis in original).

**Food Services Claim**

Finally, plaintiff's claims that she was forced to eat food to which she is allergic or to "do without," and that her food portions were inadequate also fail to state a claim. Again, she has failed to allege who has personally participated in this alleged deprivation. *Id.* In

4

addition, this allegation is speculative and conclusory. Without more, plaintiff's "unadorned, the-defendant-unlawfully-harmed-me-accusation" should be dismissed. *Iqbal*, 556 U.S. at 678.

Based on the foregoing reasons, the court finds the allegations in plaintiff's complaint are vague and conclusory, the allegations do not rise to the level of a constitutional violation, and plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

**ACCORDINGLY,** the defendants' motion to dismiss (Docket No. 33) is GRANTED, and this action is, in all respects, DISMISSED for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). This dismissal shall count as a STRIKE, pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED** this 12th day of March 2014.

RONALD A. WHITE
**UNITED STATES DISTRICT JUDGE**